887 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John A. CLARK, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1196.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1989.
 
 Before KEITH, NATHANIEL R. JONES, and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant, John A. Clark, Jr., appeals from a denial of supplemental security income benefits. Clark's application was denied initially and upon reconsideration. On January 19, 1988, following a hearing, an administrative law judge (ALJ) determined that claimant was not disabled. The Appeals Council denied review. Clark then appealed to the district court where the district judge concluded that the Secretary's decision was supported by substantial evidence. Upon our own review of the record, we affirm.
 
 I.
 
 2
 Clark, who was forty-five years of age at the time of the hearing before the ALJ, is a high school graduate with one year of college. He quit working on September 4, 1985 after he was injured in an auto accident. Prior to that time, he was a self-employed carpenter and remodeler, having done carpentry work for many years before being self-employed.
 
 
 3
 The medical evidence of significance dates back to 1981 when claimant was seen by Dr. Edward Sladek, an othopedic surgeon. Clark complained of neck pain and occasional numbness and tingling in his arms and legs. Examination revealed an old odontoid fracture with non-union. Surgery was recommended and a cervical fusion was performed. Clark did well postoperatively until his auto accident in 1985. Dr. Sladek treated the claimant after his auto accident, but could not medically explain the complaints of pain over the entire spine and the headaches. Another specialist, Dr. Jakubiak, who earlier had performed the cervical fusion, examined Clark and found him to be neurologically intact. Dr. Jakubiak suggested exploratory surgery, but claimant declined. In a later examination by Dr. Sladek, the doctor recommended against further surgery and opined that the cervical non-union was not the cause of claimant's problems, but rather that he had "legal and personality problems...." (App. 118).
 
 
 4
 Claimant has solicited other medical opinions, including going to the Mayo Clinic. There is evidence in the record from reputable physicians that claimant is disabled and non-employable.
 
 
 5
 The ALJ essentially concluded that Clark's complaints of disabling pain were not credible nor were they supported by objective medical evidence. Although Clark had a severe impairment and could not perform his prior work, he could still do a range of sedentary work that did not require repetitive bending or twisting of his neck or repetitive grasping or fine dexterous movements with his right hand. A vocational expert testified and indicated that over 10,000 such jobs existed in the regional economy.
 
 II.
 
 6
 In the district court, claimant contended that the Secretary did not properly consider his pain as a disabling condition, that the opinions of treating physicians were not given due deference, and that there was a lack of support for the conclusion that jobs existed in the national economy that plaintiff could perform. These same arguments are again urged on appeal. District Judge Bell issued a well reasoned and thorough opinion in which he considered each of claimant's arguments. Since we agree with the analysis of Judge Bell, we will affirm on the basis of the district court opinion.
 
 
 7
 AFFIRMED.